## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

TODD E. WARE,                                    )
                                                 )
          **Plaintiff,**                            )
                                                 )
                                                 )  No. _____
v.                                               )
                                                 )  **JURY DEMANDED**
NORTHWESTERN MUTUAL LIFE INSURANCE               )
COMPANY,                                         )
                                                 )
          **Defendant.**                            )

## NOTICE OF REMOVAL

Defendant The Northwestern Mutual Life Insurance Company ("Defendant") files this notice to remove to this Court an action brought against it and currently pending in the Chancery Court for Knox County, Tennessee, bearing Docket No. 186115-3, and with respect thereto would show this Court as follows:

I.

The above-styled cause was commenced in the Chancery Court for Knox County, Tennessee, Case No. 186115-3, by virtue of a Complaint filed against Defendant by Plaintiff Todd E. Ware on September 18, 2013. The Complaint alleges that Plaintiff sustained a compensable disability entitling him to benefits under two loss of earnings policies (D1249879 and D1175641) issued by Defendant. Defendant was served with process through the Tennessee Department of Commerce and Insurance on September 24, 2013. Pursuant to 28 U.S.C. § 1446(a), copies of the aforementioned Complaint and all documents served upon Defendant are attached hereto as Exhibit A and are made a part of this Notice by reference. A copy of the Notice of Filing of Removal filed with the Chancery Court for Knox County is attached hereto as Exhibit B. Since September 24, 2013, the date on which Defendant was served with the Complaint, there have been no other proceedings in this case in the Chancery Court for Knox

1

County, Tennessee. By removing this action, Defendant is not waiving any defenses available under Rule 12 of the Federal Rules of Civil Procedure.

## II.

The time period within which Defendant is required to file this Notice of Removal pursuant to 28 U.S.C. § 1446 has not yet expired.

## III.

This action is one of a civil nature for damages claimed as a result of an alleged breach of contract by Defendant. Plaintiff's action is civil in nature, and this Court has original jurisdiction over Plaintiff's action under the provisions of 28 U.S.C. § 1332. Specifically, this action involves citizens from different states and the amount in controversy exceeds the sum of $75,000. Typically, the amount claimed by the plaintiff controls. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). The Complaint in this case, however, does not contain a specific *ad damnum* clause. When the plaintiff does not specify an amount in controversy and the amount in controversy is not self-evidently greater than $75,000, the defendant has the burden of proving by a preponderance of the evidence, *i.e.*, more likely than not, that the amount in controversy exceeds $75,000. *Id. See also Great Tenn. Pizza Co., Inc. v. BellSouth Telecomm, Inc.*, No. 3:10-CV-151, 2011 WL 1636234, at *1 & n.3 (E.D. Tenn. April 29, 2011) (same).

The amount in controversy in this case exceeds $75,000. In support of this position, Defendant attaches hereto as Exhibit C the Affidavit of Barbara J. Schwigel, a disability income benefits lead consultant for Defendant. As stated in the affidavit, Plaintiff claims that his disability began on February 27, 2009. (Schwigel Aff. ¶ 4.) If Plaintiff prevails in this action and establishes that he is entitled to full disability benefits under the policies at issue, then he would be entitled to monthly payments of $1,200 beginning on February 28, 2010 under Policy

2

D1249879, and he would be entitled to monthly payments of $2,500 beginning May 29, 2009 under Policy D1175641. (*Id.* ¶¶ 5-10.) Those payments through September 2013, the month the Complaint was filed, would total $51,600 under Policy D1249879 and $130,000 under Policy D1175641. (*Id.* ¶¶ 7, 10.) Defendant has already paid Plaintiff $5,000 under Policy D1175641, so the remaining full benefits due under that policy for this time period would be $125,000. (*Id.* ¶ 11.) Therefore, the amount of past benefits that Plaintiff is seeking in this action totals $176,600. In addition, Plaintiff is seeking damages for "all ongoing benefits due." (Compl. ¶ 5 ("WHEREFORE").) Based on this allegation, Plaintiff is claiming that his disability has continued after September 2013 and is still ongoing such that the amount in controversy is even greater than $176,600. For these reasons, Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, this action arises under federal law, and this Court has original jurisdiction.

IV.

The requisite diversity of citizenship exists, as provided in 28 U.S.C. § 1332. Plaintiff was at the time the Complaint was filed and is now a citizen of Tennessee. (Schwigel Aff. ¶ 12.) Defendant was at the time the Complaint was filed and is now a citizen of Wisconsin because it is a mutual insurance company organized under the laws of Wisconsin and maintains its principal place of business in Wisconsin. The jurisdictional amount in controversy exceeds $75,000 as discussed above.

V.

There are no other defendants involved in this action, so no consent is required for removal.

K KLS1 331590 v1
292095-00001 10/21/20

## VI.

The allegations of this Notice are true and correct to the best of Defendant's knowledge, and this cause of action is within the jurisdiction of the United States District Court for the Eastern District of Tennessee. Therefore, this cause of action is removable to the United States District Court for the Eastern District of Tennessee.

WHEREFORE, Defendant files this Notice for the purpose of removing this action from the Chancery Court for Knox County, Tennessee to the United States District Court for the Eastern District of Tennessee.

Respectfully submitted,

By:    s/Kenny L. Saffles
S. Russell Headrick (BPR #005750)
Kenny L. Saffles (BPR #023870)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000

*Attorneys for Defendant*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been filed electronically and has been served upon the following parties in interest herein by delivering same to the offices of said parties in interest, or by mailing same to the offices of said parties in interest by United States Mail with sufficient postage thereon to carry the same to its destination.

Dan D. Rhea, Esq.
Arnett, Draper & Hagood
P.O. Box 300
Knoxville, Tennessee 37901-0300

Howard G. Hogan, Chancery Court Clerk
Knox County Chancery Court
400 Main Avenue, Room 123
Knoxville, Tennessee 37902

This 23rd day of October, 2013.

_____s/Kenny L. Saffles_____
Kenny L. Saffles

5